UNITED STATES DISTRICT COURT FOR THE
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Anjikepeijiajuchang dba Cinxzar-US,**<br><br>*Plaintiffs*,<br>v.<br><br>**Anji Younike Furniture Co., Ltd.,**<br><br>*Defendant*. | Civil Action No. 4:26-cv-15<br><br>JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT

Plaintiff Anjikepeijiajuchang dba Cinxzar-US ("Plaintiff" or "Cinxzar-US") file this complaint against Defendant Anji Younike Furniture Co., Ltd. ("Defendant" or "Younike") seeking a declaratory judgment of patent invalidity of U.S. Design Patent No. D 1,101,441 S ("the D'441 Patent").

### INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018,

1

Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.  Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.  In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.  It is against this backdrop that Defendant Younike reported to Amazon meritless and bad faith "Intellectual Property Violation" against Cinxzar-US's certain chair product ("Accused Products"), specifically alleging infringement of the D'441 Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

6.  This action arises from Declaratory Judgment of patent invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Laws, 35 U.S.C. § 101 et seq. Defendant Younike's actions have placed Plaintiff in the precarious position of the

imminent and real threat of an infringement lawsuit through the enforcement of the D'441 Patent by Amazon.

7. This action arises from a complaint submitted by Defendant to Amazon.com concerning Plaintiff's Amazon listing under ASINs B0CQYZLMCP, B0CQYYQ9Q3, B0CQYZN91S, B0CQZ14378, B0CZCM44B3, B0D7YK5NW1, B0DCZV3MHQ, B0DP38JT68, B0DP3D4CRQ, B0DP394LZH, B0DP3BVPC5, B0DP393BMV, B0DQB3VSDR, B0DT1LJY9T, and B0DT1HZ4Z1, causing significant harm to Plaintiff.

## PARTIES

8. Plaintiff Anjikepeijiajuchang dba Cinxzar-US is a foreign company organized under the laws of the People's Republic of China.

9. Upon information and belief, Defendant Younike is a company based in Zhejiang, China and also organized under the laws of the People's Republic of China.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Personal jurisdiction and venue exist in this Court over Younike because its unlawful practices were committed and/or caused harm to Plaintiff within the jurisdiction of this Court. Texas is the top market for Plaintiff and Amazon's removal of the Accused Products has a substantial effect on the state such that a declaratory judgment action of invalidity is proper. Courts have found that a significant amount of goods sold in a federal district through an interactive website makes that district a proper place of venue as a place where a substantial part of the events

giving rise to the claim arose, see *Nursery Decals & More, Inc. v. Neat Print, Inc.*, No. 3:19-CV-2606-B, 2020 U.S. Dist. LEXIS 63113, at *29-31 (N.D. Tex. Apr. 10, 2020).

## THE ACCUSED PRODUCTS

12. Plaintiff is an e-commerce company selling multiple categories of products on Amazon under the storefront Cinxzar-US ("Plaintiff's storefront"), respectively.

13. The Chair at issue is identified by American Standard Identification Nos. ("ASIN") B0CQYZLMCP, B0CQYYQ9Q3, B0CQYZN91S, B0CQZ14378, B0CZCM44B3, B0D7YK5NW1, B0DCZV3MHQ, B0DP38JT68, B0DP3D4CRQ, B0DP394LZH, B0DP3BVPC5, B0DP393BMV, B0DQB3VSDR, B0DT1LJY9T, and B0DT1HZ4Z1 ("Plaintiff's ASINs").

14. The Amazon Marketplace constitutes Plaintiff's primary sales channel into the United States. Additionally, Texas is the most significant sales market for Plaintiff. To remain competitive in the United States market for chairs, Plaintiff needs its products listed in the Amazon Marketplace.

15. Defendant Younike's use of the Amazon infringement reporting system as an inequitable injunction significantly harms Plaintiff. Defendant's submission of Amazon.com infringement reports has caused immediate and irreparable harm to Plaintiff. Due to Defendant's claim of infringement, Amazon has removed Plaintiff's Chair products identified by Plaintiff's ASINs from the marketplace, preventing Plaintiff from accessing its largest channel of trade. Plaintiff will lose substantial monetary value, and suffer irreparable harm in lost market share, and harm to reputation.

16. Additionally, Defendant's actions have placed Plaintiff in the precarious position of the imminent threat of an infringement lawsuit which presents a substantial, immediate, and real

controversy of adverse legal interests. Defendant has already shown its intent to misuse its patent to assert baseless infringement allegations against Plaintiffs.

## U.S. Design Patent No. D 1,101,441 S

17. Defendant Younike is the applicant and assignee of record of the D'441 Patent, attached as Exhibit 1.

18. The D'441 Patent is entitled "CHAIR" and generally discloses "The ornamental design for a chair as shown and described." Exhibit 1 at Claim.

19. The D'441 Patent was issued on November 11, 2025, and has an effective filing date of June 7, 2023.

## DEFENDANT YOUNIKE

20. Upon information and belief, Defendant Younike is a company based in Zhejiang organized under the laws of the People's Republic of China.

21. On or around December 17, 2025, Younike initiated its patent infringement complaints asserting the D'441 Patent against the Plaintiff's Accused Products identified by Plaintiff's ASINs. *See* Exhibit 2, Amazon's Notice.

22. Plaintiff's Accused Products do not infringe the claim of the '441 Patent as it is invalid due to prior art was available to the public before the effective filing date of the claimed invention. Under 35 U.S.C. § 102, a patent is invalid if the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

23. On June 7, 2023, Defendant Younike filed U.S. Application No. 29/894,169 (the "'169 Application") that issued as the D'441 Patent. The '169 Application claims priority from a foreign application filed on December 7, 2022. However, before Younike's priority filing date,

there was at least one identical prior art previously known and available to the public. Specifically, the Faux Leather Dining Chairs sold by HOMHUM at Amazon.com ("HOMHUM Product") with seller reviews dating back as far as April 16, 2021, predates the priority filing date of the '169 Application by close to one year.

Source: https://www.amazon.com/HOMHUM-Leather-Century-Leisure-Upholstered/dp/B08BLMJSKD/?th=1 (last viewed on January 02, 2026).

Below is a side-by-side comparison of the two designs.




the D'441 Patent                                HOMHUM Chair

24. A plain comparison shows that the HOMHUM Product discloses the complete design described in the D'441 Patent. "Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other." *See Door-Master Corp. v. Yorktowne Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001) (citing *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). Both the claimed design and the HOMHUM Product design are chairs with four slender, slightly angled legs as the base. The seat is upholstered, and the back and seat form a continuous piece. There are parallel vertical seams running from the top of the backrest down across the interior surface of the seat. The backrest is gently reclined. In this case, the appearance of the claimed design would be seen by an ordinary observer as exactly the same as the HOMHUM Product design.

## COUNT I:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '441 PATENT

25. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

26. An actual, continuing and justiciable controversy exists between Plaintiff and Younike as to the invalidity of the D'441 Patent, as evidenced by Younike's allegations of infringement on Amazon, as set forth above.

27. The Accused Products do not infringe any claim of the D'441 Patent in light of prior art known before the filing of the asserted D'441 Patent.

28. Younike's baseless infringement reports on the Amazon.com platform have caused imminent and real threat of an infringement lawsuit.

29. Younike's baseless infringement reports on the Amazon.com platform have caused and will continue to cause ongoing and irreparable harm to Plaintiff.

30. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the D'441 Patent is invalid under 35 U.S.C. § 102.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment as follows:

A. Preliminary and permanent injunctions ordering Defendant Younike to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the D'441 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that any of the claims of the D'441 Patent are invalid and Plaintiff's Chairs do not infringe the D'441 Patent; and

C. A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D. Such further and additional relief as the Court deems just and proper.

Dated: January 5, 2026　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Timothy T. Wang*
　　　　　　　　　　　　　　　　　　　　　　　Timothy T. Wang
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No.: 24067927
　　　　　　　　　　　　　　　　　　　　　　　Ni, Wang & Massand, PLLC
　　　　　　　　　　　　　　　　　　　　　　　8140 Walnut Hill Lane, Suite 615
　　　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75231

                                                          972.331.4603  
                                                          972.314.0900 (facsimile)  
                                                          twang@nilawfirm.com

*Counsel for Plaintiff*